## HENRY MINNIS *v.* COMMONWEALTH.

**Intoxicating Liquor—Sale of.**
> A defendant charged with the unlawful sale of intoxicating liquors is not permitted to prove that before the sale was made it was the opinion of his employer that such a sale was legal.

**Practice—Exceptions.**
> Where no exceptions were taken to the action of the court in giving and refusing to give instructions, the record cannot be so amended by agreement of attorneys to show that such exceptions were taken.

**Bill of Exceptions.**
> An original bill of exceptions cannot be made up after the expiration of the term unless there is an order of court giving time for that purpose. The court loses all power in the matter unless it be the power to correct the bill so as to make it conform to the record.

APPEAL FROM FAYETTE CIRCUIT COURT.

September 23, 1875.

OPINION BY JUDGE LINDSAY:

The circuit court did not err in refusing to admit evidence as to opinions expressed to the defendant or his employer, to the effect that he might retail liquors without subjecting himself to the penalties denounced by law against those engaging in such business, without first obtaining authority so to do.

The record as originally made up, does not show that the action of the court in giving and refusing instructions was excepted to at the time. After the case had been brought to this court, and argued by counsel, the record in the circuit court was, by agreement, so corrected as to show that exceptions were regularly taken; and this amended record has been filed in this court, subject to objections made at the time by the attorney-general.

It is not pretended that there is or was anything in the record upon which this correction could be founded. It was evidently made from the recollection of the attorneys and the judge. An original bill of exceptions cannot be made up after the expiration of the term, unless there is an order of court giving time for that purpose. Neither can the bill be amended after the expiration of the term. The court loses all power in the matter, unless it be the power to correct the bill so as to make it conform to the record; and we do not decide that it has that power. Nor do we think the consent of the parties authorized the correction in this case.

After the appeal has been prosecuted to this court, the attorney-general became, by operation of law, the representative of the commonwealth, and we are of opinion, that the attorney for the commonwealth, in the circuit court, could not bind him by an agreement to change the record upon which the appeal was prosecuted.

We must, therefore, decide that the amended transcript filed June 19, 1875, is not properly a part of the record.

This conclusion necessitates an *affirmance* of the judgment.

*H. M. Buford, Breckenridge & Morton, for appellant.*
*John Rodman, for appellee.*